IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LORI A. HARRIS,               )
                              )
            Plaintiff,        )
                              )
      v.                      ) Civil Action No. 07-50J
                              )
MICHAEL J. ASTRUE,            )
COMMISSIONER OF               )
SOCIAL SECURITY,              )
                              )
            Defendant.        )

MEMORANDUM JUDGMENT ORDER

AND NOW, this 17th day of September, 2008, upon due consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying plaintiff's applications for disability insurance benefits and supplemental security income under Titles II and XVI, respectively, of the Social Security Act ("Act"), IT IS ORDERED that the Commissioner's motion for summary judgment (Document No. 20) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 15) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d

Cir. 1999). Importantly, where the ALJ's findings of fact are supported by substantial evidence, a reviewing court is bound by those findings, even if it would have decided the factual inquiry differently. Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff filed her pending applications[1] for disability insurance benefits and supplemental security income on February 11, 2004, alleging a disability onset date of January 8, 2003, due to, *inter alia*, heart problems, anxiety and depression. Plaintiff's applications were denied initially. At plaintiff's request an ALJ held a hearing on February 28, 2005, at which plaintiff, represented by counsel, appeared and testified. On May 24, 2005, the ALJ issued a decision finding that plaintiff is not disabled. On January 30, 2007, the Appeals Council denied review making the ALJ's decision the final decision of the Commissioner.

Plaintiff was 40 years old at the time of the ALJ's decision and is classified as a younger person under the regulations. 20 C.F.R. §§404.1563(c) and 416.963(c). Plaintiff has a high school equivalency education. She has past relevant work experience as

---

[1] For purposes of plaintiff's application for Title II benefits, the ALJ found that plaintiff met the disability insured status requirements of the Act on her alleged onset date and had acquired sufficient quarters of coverage to remain insured through December of 2007.

a garment tagger but has not engaged in any substantial gainful activity since her alleged onset date.

After reviewing plaintiff's medical records and hearing testimony from plaintiff, plaintiff's son and a vocational expert, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. The ALJ found that although the medical evidence establishes that plaintiff suffers from the severe impairments of coronary artery disease, history of two myocardial infarctions, suggestion of reflex sympathetic dystrophy in the right foot, questionable migraines, peripheral neuropathy, depression/anxiety and excessive red blood cells, those impairments, alone or in combination, do not meet or equal the criteria of any of the impairments listed at Appendix 1 of 20 C.F.R., Part 404, Subpart P.

The ALJ further found that plaintiff retains the residual functional capacity to perform a significant range of light work but with certain restrictions recognizing the limiting effects of her impairments. (R. 24). Because plaintiff's past relevant work of garment tagger does not require the performance of work-related activities precluded by plaintiff's residual functional capacity, the ALJ found that plaintiff's impairments do not preclude her from performing her past relevant work. Accordingly, the ALJ determined at step 4 of the sequential evaluation process that plaintiff is not disabled under the Act.[2]

---

[2] Alternatively, at step 5 the ALJ determined in accordance with the vocational expert's testimony that plaintiff retains the

AO 72
(Rev. 8/82)

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment which can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §§423(d)(1)(A) and 1382c(a)(3)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §§423(d)(2)(A) and 1382c(a)(3)(B).

The Commissioner has promulgated regulations incorporating a five-step sequential evaluation process for determining whether a claimant is under a disability.[3] See 20 C.F.R. §§404.1520 and 416.920; Newell v. Commissioner of Social Security, 347 F.3d 541, 545 (3d Cir. 2003). If the claimant is found disabled or not disabled at any step, the claim need not be reviewed further.

---

residual functional capacity to perform numerous other jobs existing in significant numbers in the national economy including laundry sorter and table worker.

[3] The ALJ must determine in sequence: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether she has a severe impairment; (3) if so, whether her impairment meets or equals the criteria listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) if not, whether the claimant's impairment prevents her from performing her past-relevant work; and (5) if so, whether the claimant can perform any other work which exists in the national economy, in light of her age, education, work experience, and residual functional capacity. 20 C.F.R. §§404.1520 and 416.920. In addition, when there is evidence of a mental impairment that allegedly prevents a claimant from working, the Commissioner must follow the procedure for evaluating mental impairments set forth in the regulations. Plummer, 186 F.2d at 432; 20 C.F.R. §§404.1520a and 416.920a.

Id.; see Barnhart v. Thomas, 124 S.Ct. 376 (2003).

Here, plaintiff raises two challenges to the ALJ's findings: (1) the ALJ erred in assessing plaintiff's credibility; and, (2) the ALJ improperly analyzed the medical evidence, in particular reports from plaintiff's treating physicians suggesting disability. Upon review, the court finds that the ALJ properly evaluated the evidence and that all of the ALJ's findings are supported by substantial evidence.

Plaintiff's primary complaint on appeal is that the ALJ improperly assessed plaintiff's credibility. Upon review, the court is satisfied that the ALJ properly evaluated plaintiff's subjective complaints of pain and limitations in accordance with the regulations.[4] In assessing plaintiff's credibility, the ALJ considered plaintiff's subjective complaints, but also considered those complaints in light of the medical evidence, her treatment history and all of the other evidence of record. In doing so, the ALJ found that the evidence as a whole does not fully substantiate plaintiff's allegations as to the incidence, duration and severity of her subjective complaints. (R. 22). The ALJ thoroughly explained his credibility finding, (R 20-22), in his decision and that finding is supported by substantial evidence.

---

[4] Allegations of pain and other subjective symptoms must be supported by objective medical evidence, 20 C.F.R. §§404.1529(c) and 416.929(c), and an ALJ may reject a claimant's subjective testimony if he does not find it credible so long as he explains why he is rejecting the testimony. Schaudeck v. Commissioner of Social Security, 181 F.3d 429, 433 (3d Cir. 1999); see also SSR 96-7p.

Moreover, while it is true, as plaintiff now asserts, that sporadic and transitory activities cannot be used to show an ability to engage in substantial gainful activity, see Fargnoli, 247 F.3d at 40, n.5, the ALJ did not do so here. Instead, in determining plaintiff's residual functional capacity, the ALJ properly considered plaintiff's allegations as to her reduced functional capacity but reasonably concluded that such allegations are not supported by her activities of daily living when considered in the aggregate nor in light of the multiple negative or minimally positive objective test results contained in the record. (R. 24).

In making his credibility finding the ALJ adhered to the standards set forth in 20 C.F.R. §§404.1529(c) and 416.929(c) and SSR 96-7p and adequately explained the basis for his credibility determination in his decision. The court is satisfied that the ALJ's credibility determination is supported by substantial evidence in the record.

Plaintiff also challenges the ALJ's evaluation of the medical evidence. Specifically, plaintiff contends that the ALJ disregarded reports from two of her treating physicians, Dr. Crawford and Dr. Lipitz, which support a finding of disability. Upon review, the court is satisfied that the ALJ properly evaluated all of the medical evidence under the appropriate standards.

Under the Social Security Regulations and the law of this circuit, opinions of treating physicians are entitled to

AO 72
(Rev. 8/82)

substantial, and at times even controlling, weight. 20 C.F.R. §§404.1527(d)(2) & 416.927(d)(2); Fargnoli, 247 F.3d at 33. Where a treating physician's opinion on the nature and severity of an impairment is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record, it will be given controlling weight. Id. However, when a treating source's opinion is not entitled to controlling weight, it is evaluated and weighed under the same standards applied to all other medical opinions, taking into account numerous factors including the opinion's supportability, consistency and specialization. 20 C.F.R. §§404.1527(d) and 416.927(d).

Here, the ALJ adhered to the foregoing standards in evaluating the medical evidence and adequately explained his assessment of that evidence. (R. 21-22). In particular, he specifically addressed Dr. Crawford's opinion, rendered on a state welfare form, that plaintiff is permanently disabled, but concluded that this opinion is inconsistent with the clinical and objective findings of record, including Dr. Crawford's own reports and findings. (R. 21).

The court finds no error in the ALJ's evaluation of this evidence. Initially, under the regulations the opinion of a physician, treating or otherwise, on the ultimate determination of disability never is entitled to special significance. 20 C.F.R. §§404.1527(e) and 416.927(e); SSR 96-5p. Moreover, as the ALJ explained, Dr. Crawford's opinion is not supported by the

substantial, and at times even controlling, weight. 20 C.F.R. §§404.1527(d)(2) & 416.927(d)(2); Fargnoli, 247 F.3d at 33. Where a treating physician's opinion on the nature and severity of an impairment is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record, it will be given controlling weight. Id. However, when a treating source's opinion is not entitled to controlling weight, it is evaluated and weighed under the same standards applied to all other medical opinions, taking into account numerous factors including the opinion's supportability, consistency and specialization. 20 C.F.R. §§404.1527(d) and 416.927(d).

Here, the ALJ adhered to the foregoing standards in evaluating the medical evidence and adequately explained his assessment of that evidence. (R. 21-22). In particular, he specifically addressed Dr. Crawford's opinion, rendered on a state welfare form, that plaintiff is permanently disabled, but concluded that this opinion is inconsistent with the clinical and objective findings of record, including Dr. Crawford's own reports and findings. (R. 21).

The court finds no error in the ALJ's evaluation of this evidence. Initially, under the regulations the opinion of a physician, treating or otherwise, on the ultimate determination of disability never is entitled to special significance. 20 C.F.R. §§404.1527(e) and 416.927(e); SSR 96-5p. Moreover, as the ALJ explained, Dr. Crawford's opinion is not supported by the

AO 72
(Rev. 8/82)

substantial, and at times even controlling, weight. 20 C.F.R. §§404.1527(d)(2) & 416.927(d)(2); Fargnoli, 247 F.3d at 33. Where a treating physician's opinion on the nature and severity of an impairment is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record, it will be given controlling weight. Id. However, when a treating source's opinion is not entitled to controlling weight, it is evaluated and weighed under the same standards applied to all other medical opinions, taking into account numerous factors including the opinion's supportability, consistency and specialization. 20 C.F.R. §§404.1527(d) and 416.927(d).

Here, the ALJ adhered to the foregoing standards in evaluating the medical evidence and adequately explained his assessment of that evidence. (R. 21-22). In particular, he specifically addressed Dr. Crawford's opinion, rendered on a state welfare form, that plaintiff is permanently disabled, but concluded that this opinion is inconsistent with the clinical and objective findings of record, including Dr. Crawford's own reports and findings. (R. 21).

The court finds no error in the ALJ's evaluation of this evidence. Initially, under the regulations the opinion of a physician, treating or otherwise, on the ultimate determination of disability never is entitled to special significance. 20 C.F.R. §§404.1527(e) and 416.927(e); SSR 96-5p. Moreover, as the ALJ explained, Dr. Crawford's opinion is not supported by the

objective medical evidence and is inconsistent with other substantial evidence in the record, and the ALJ did not err in not giving Dr. Crawford's opinion any controlling weight or deference. 20 C.F.R. §§404.1527(d) & 416.927(d); SSR 96-2p.

The ALJ thoroughly and exhaustively addressed the relevant medical evidence in his opinion and more than adequately explained his reasons for the weight he accorded to the respective reports and opinions. (R. 20-22). The court has reviewed the ALJ's decision and the record as a whole and is convinced that the ALJ's evaluation of the medical evidence is supported by substantial evidence.

Finally, to the extent plaintiff requests a remand for consideration of an October 2005 report of Dr. Lipitz opining that plaintiff cannot work due to her leg impairments, that opinion was not before the ALJ but instead was presented for the first time to the Appeals Council, which subsequently denied review, and plaintiff has failed to establish that Dr. Lipitz's report was new or material, nor has she established good cause for not presenting this information to the ALJ.[5] Accordingly, plaintiff is not

---

[5] When a claimant proffers evidence in the district court that previously was not presented to the ALJ, the district court's determination of whether to remand to the Commissioner is governed by Sentence 6 of §405(g) of the Act. See Matthews v. Apfel, 239 F.3d 589, 593 (3d Cir. 2001). Sentence 6 permits remand "only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." See also Szubak v. Secretary of Health & Human Services, 745 F.2d 831, 833 (3d Cir. 1984). "[A] claimant must satisfy all three requirements of Sentence 6 (new, material and good cause) in order to justify a remand." Matthews at 594; Szubak at 833.

entitled to a sentence six remand for consideration of this evidence.

After carefully and methodically considering all of the medical evidence of record and plaintiff's testimony, the ALJ determined that plaintiff is not disabled within the meaning of the Act. The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous. Accordingly, the decision of the Commissioner must be affirmed.

*Gustave Diamond*
Gustave Diamond
United States District Judge

cc: Shawn B. Cohen, Esq.
Cohen, Axinn & Cohen
P.O. Box 597
Hollidaysburg, PA 16648

John J. Valkovci, Jr.
Assistant U.S. Attorney
319 Washington Street
Room 224, Penn Traffic Building
Johnstown, PA 15901